**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20412
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERMAN DUQUE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-424-2

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

German Duque, federal prisoner # 54991-079, appeals the denial of his pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Duque contended that he was entitled to a reduction of his sentence under Amendment 505 to the Sentencing Guidelines, which is retroactive. Under Amendment 505, the maximum base offense level under U.S.S.G. § 2D1.1 for any drug type was lowered from 42 to 38. The district court, however,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously denied the motion because Duque's sentence was not based on a quantity of crack cocaine, a reference to Amendment 706.

Nevertheless, Duque is not entitled to relief under Amendment 505. At the time of Duque's sentencing, an offense involving at least 150 but less than 500 kilograms of cocaine resulted in base offense level of 38. After Amendment 505, a quantity of cocaine equal to or exceeding 150 kilograms of cocaine merited the base offense level of 38. The probation officer preparing Duque's presentence investigation report determined that Duque's offense had involved 353 kilograms of cocaine and assessed a base offense level of 38. The amount of cocaine was not disputed by Duque and was specifically adopted by the district court at the sentencing hearing. Therefore, Duque did not receive a higher base offense level that was subsequently lowered by Amendment 505. Although Duque's sentence resulted from a total offense level of 40, this was the consequence of upward and downward adjustments to the base offense level. Nothing in Amendment 505 affected the applicability of such adjustments. Consequently, the judgment of the district court is affirmed on alternate grounds. *See United States v. Tello*, 9 F.3d 1119, 1128 (5th Cir. 1993). AFFIRMED.